**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

No. 25-1089

---

**TODD W. SHORT,**

*Plaintiff – Appellant*,

v.

**MICHAEL BOYD, FBI Special Agent, and**
**JOHN DOES 1-6, FBI Special Agents,**
**in their individual capacities,**

*Defendants – Appellees*.

---

On Appeal from the United States District Court
Western District of North Carolina
Case No. 1:23-CV-00207-MR-WCM
Honorable Martin Reidinger, Chief District Judge, Presiding

---

**MOTION TO WITHDRAW IN FORMA PAUPERIS STATUS AND FOR LEAVE TO FILE FORMAL BRIEF**

**MOTION TO WITHDRAW IN FORMA PAUPERIS STATUS AND FOR LEAVE TO FILE FORMAL BRIEF**

Appellant Todd W. Short, proceeding *pro se* and having applied for in forma pauperis (IFP) status, respectfully moves this Court pursuant to 28 U.S.C. § 1915, Federal Rule of Appellate Procedure (FRAP) 24, and Fourth Circuit Local Rule 34(b) to withdraw his IFP application and for leave to file a formal brief in this appeal. Upon the Court's grant of this motion, Appellant will tender the full $605 appellate filing fee to the Clerk within five (5) business days of notification of the balance due.

## I. BACKGROUND

1. Appellant filed this appeal on January 29, 2025, and applied for IFP status, though no order has yet been entered granting it. Appellant subsequently filed a Motion for Summary Reversal on March 25, 2025 (Doc. No. 7), followed by an Informal Brief on April 9, 2025 (Doc. No. 12), pursuant to Fourth Circuit Local Rule 34(b).

2. The government has not yet responded to either filing. This case involves complex constitutional issues and ongoing injuries from a pre-filing injunction that continues to harm Appellant.

3. Given the case's complexity, Appellant seeks to withdraw his IFP application, pay the filing fee, and proceed with formal briefing, thereby withdrawing the informal brief. Due to the electronic filing system, Appellant cannot tender the fee simultaneously but commits to payment within five (5) business days of the Court's order and notification.

4. Appellant acknowledges that his financial condition remains unchanged from his original IFP application: sole income from SSI disability benefits ($462 monthly) and Social Security benefits ($500 monthly), totaling $962, plus food assistance. However, the extraordinary circumstances—including ongoing constitutional harms—warrant using limited savings to ensure comprehensive briefing.

## II. LEGAL STANDARD AND AUTHORITY

### A. Right to Withdraw IFP Status

Under 28 U.S.C. § 1915 and FRAP 24, courts have discretion to permit withdrawal of IFP status upon payment of fees. See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001). Other circuits have recognized this inherent right. See *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

**B. Authority for New Briefing Schedule**

FRAP 26(b) allows courts to modify briefing schedules for good cause, such as case complexity. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing excusable neglect and discretion). Fourth Circuit Local Rule 34(b) supports transitioning from informal briefs (for simple cases) to formal ones in complex matters.

**C. Constitutional Due Process Considerations**

Ongoing injuries from the pre-filing injunction implicate due process, requiring full adversarial briefing. See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (standards for pre-filing injunctions and due process).

## III. ARGUMENT

A. Good Cause Exists for Withdrawal and Modified Briefing Schedule

1. **Complex Constitutional Issues**: Substantial questions merit analysis beyond an informal brief. See *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 174 (4th Cir. 2009).

2. **Ongoing Constitutional Injuries**: The pre-filing injunction continues to cause constitutional harm to Appellant, creating an ongoing violation that requires detailed legal analysis and precedential research that an informal brief cannot adequately address.

3. **Equal Adversarial Presentation**: Fairness requires Appellant the same formal opportunities as appellees. See *Griffin v. Illinois*, 351 U.S. 12, 19 (1956).

**B. No Prejudice to Appellees or Judicial Efficiency**

1. The government has not yet responded to the informal brief, indicating no substantive progress on the current briefing schedule.

2. Formal briefing will provide the Court with more comprehensive legal analysis, potentially improving judicial efficiency by reducing the need for supplemental briefing or clarification.

3. The complexity of the constitutional issues makes formal briefing the more appropriate vehicle for resolution.

**C. Procedural Propriety**

This motion is timely, as issues have clarified and harms persist.

## IV. REQUEST FOR RELIEF

**WHEREFORE**, Appellant respectfully requests that this Court:

1. **GRANT** this Motion to Withdraw In Forma Pauperis Status;

2. **ACCEPT** the $605 fee within 5 business days of notice;

3. **GRANT** leave to file a formal opening brief and appendix in accordance with Federal Rules of Appellate Procedure 28 and 30, withdrawing the informal brief;

4. **ISSUE** a new briefing schedule (e.g., 45 days for opening brief, 30 for response, 21 for reply), or such other timeline as the Court deems appropriate;

5. **GRANT** such other relief as this Court deems just and proper.

Date: August 16, 2025

Respectfully Submitted**,**

Todd W. Short
2 Carmel Ridge Circle, Apt. 105
Asheville, NC 28806
(828) 278-8850
tws@toddwilsonshort.com
*Appellant, pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system.

I further certify that on the same date, the foregoing motion was served on all parties, including Jonathan M. Warren, Assistant United States Attorney, via electronic mail pursuant to an express written agreement among the parties during the district court proceedings. The AUSA has not communicated with Appellant in this appellate proceeding to indicate a preference for service in another manner. Service was made to the AUSA's official Department of Justice email address as follows:

Jonathan M. Warren
Assistant U.S. Attorney
227 West Trade Street, Suite 1650
Carillon Building
Charlotte, NC 28202
Telephone: (704) 344-6222
Email: jonathan.warren@usdoj.gov

/s/ **Todd W. Short**
Todd W. Short
Appellant, *pro se*